UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE N. ARRELLANO-LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. GONZALES, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00093-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, BECAUSE HIS ALLEGATION OF POVERTY IS UNTRUE AND HE KNOWINGLY PROVIDED INACCURATE INFORMATION<br><br>THIRTY-DAY DEADLINE |

    Plaintiff is a prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 23, 2023, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, along with a Trust Account Statement. (ECF No. 2). According to Plaintiff's application, he is not employed, he has not received money from any sources in the last twelve months, and he has no money or other assets.

    However, according to the attached Trust Account Statement, between July 23, 2022, and January 23, 2023, Plaintiff received over $4,500. Additionally, Plaintiff received $500 less than three weeks before filing the case. Finally, it appears that Plaintiff previously attempted to file this case in September of 2022 by mailing the complaint to the Court. (ECF No. 1-1, p. 2). At that time, Plaintiff attempted to pay the filing fee by sending two money orders. (ECF No. 1, p. 10; ECF No. 1-1, pgs. 2-3). However, the money orders were returned because they totaled more than the amount of the filing fee, and Plaintiff's complaint was returned because Plaintiff did not comply with the Court's E-Filing procedures. (ECF No. 1-1, pgs. 2-3).

    Thus, it appears that Plaintiff, who is a prisoner, has been dishonest in this application to

proceed *in forma pauperis* and that his allegation of poverty is untrue.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." 28 U.S.C § 1915(e)(2)(A).  Additionally, "courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith."  Witkin v. Lee, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020).  See also Steshenko v. Gayrard, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015) ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice.") (citing Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002); Attwood v. Singletary, 105 F.3d 610, 612-13 (11th Cir. 1997); Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990); Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir. 1983)), aff'd sub nom. Steshenko v. Albee, 691 F. App'x 869 (9th Cir. 2017).

As it appears that Plaintiff's allegation of poverty is untrue, and that Plaintiff knowingly provided inaccurate information in his IFP application, the Court will order Plaintiff to show cause as to why this case should not be dismissed.

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Plaintiff has thirty days from the date of service of this order to show cause as to why this action should not be dismissed because his allegation of poverty is untrue and he knowingly provided false information to the Court; and

\\\
\\\
\\\
\\\
\\\

2. If Plaintiff fails to file a response to this order, the Court will issue findings and recommendations to a district judge, recommending dismissal of this action. If the Court finds that Plaintiff knowingly provided inaccurate information, the Court may recommend that the dismissal be with prejudice.

IT IS SO ORDERED.

Dated:  **January 25, 2023**               /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE