UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE N. ARRELLANO-LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>J. GONZALES, et al.,<br><br>Defendants. | Case No. 1:23-cv-00093-EPG (PC)<br><br>ORDER DISCHARGING AMENDED ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED BECAUSE HIS ALLEGATION OF POVERTY IS UNTRUE AND HE KNOWINGLY PROVIDED INACCURATE INFORMATION<br><br>ORDER TREATING APPLICATION TO PROCEED IN FORMA PAUPERIS AS WITHDRAWN<br><br>ORDER REQUIRING PLAINTIFF TO PAY FILING FEE WITHIN THIRTY DAYS<br><br>(ECF Nos. 2 & 8) |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 21, 2023, Plaintiff filed a document titled motion to amend the complaint.  (ECF No. 8).  However, it does not appear that Plaintiff is attempting to amend his complaint.  No amended complaint is attached, and Plaintiff does not explain any changes he is attempting to make.  Instead, the filing appears to be Plaintiff's response to the Court's order to show cause.  For the reasons that follow, the Court will discharge the order to show cause, treat Plaintiff's *in forma pauperis* application as withdrawn, and direct Plaintiff to pay the filing fee in full within thirty days.

On January 23, 2023, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, along with a Trust Account Statement.  (ECF No. 2).  According to Plaintiff's application, he is not employed, he has not received money from any sources in the last

1

1   twelve months, and he has no money or other assets.  However, according to the attached Trust

2   Account Statement, between July 23, 2022, and January 23, 2023, Plaintiff received over $4,500.

3   Additionally, Plaintiff received $500 less than three weeks before filing the case.  Finally, it

4   appeared that Plaintiff previously attempted to file this case in September of 2022 by mailing the

5   complaint to the Court.  (ECF No. 1-1, p. 2).  At that time, Plaintiff attempted to pay the filing fee

6   by sending two money orders.  (ECF No. 1, p. 10; ECF No. 1-1, pgs. 2-3).  However, the money

7   orders were returned because they totaled more than the amount of the filing fee, and Plaintiff's

8   complaint was returned because Plaintiff did not comply with the Court's E-Filing procedures.

9   (ECF No. 1-1, pgs. 2-3).

10      As it appeared that Plaintiff's allegation of poverty is untrue, and that Plaintiff knowingly

11  provided inaccurate information in his *in forma pauperis* application, the Court ordered Plaintiff

12  to show cause as to why this case should not be dismissed.  (ECF No. 6).

13      On February 21, 2023, Plaintiff filed what appears to be his response to the order to show

14  cause.  (ECF No. 8).  While Plaintiff titled the filing as a motion for leave to amend the

15  complaint, Plaintiff states that the inaccurate statements in his *in forma pauperis* application

16  occurred because Plaintiff was misled by a legal assistant.  The legal assistant misunderstood

17  when Plaintiff explained that he did not have enough money on that day to pay the filing fee.

18  Plaintiff had asked if he could "take some kind of prorogue for some days" because he thought

19  his complaint was late.  (ECF No. 8, p. 3).  The assistant then filled out the *in forma pauperis*

20  application without letting Plaintiff know about the inconsistency.  In fact, Plaintiff intends to pay

21  the filing fee.  Plaintiff also asks for the opportunity to clarify and correct his *in forma pauperis*

22  application.  Attached to Plaintiff's filing is a Trust Account Withdrawal Order dated February

23  13, 2013, for $402.  (Id. at 7).

24      While Plaintiff alleges he was misled by a legal assistant, Plaintiff signed the *in forma*

25  *pauperis* application.  And, pursuant to Federal Rule of Civil Procedure 11, "[b]y presenting to

26  the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or

27  later advocating it—an attorney or unrepresented party certifies that to the best of the person's

28  knowledge, information, and belief, formed after an inquiry reasonable under the circumstances

2

… the factual contentions have evidentiary support….” Fed. R. Civ. P. 11(b)(3).  Thus, even if Plaintiff is getting assistance, he is still required to conduct a reasonable inquiry before presenting facts to the Court, and failure to do so may lead to sanctions.

Nevertheless, given the assertions in Plaintiff's motion, including that he intends to pay the filing fee, the Court will discharge the order to show cause.  Additionally, as Plaintiff has stated that he intends to pay the filing fee, the Court will not require Plaintiff to file a corrected *in forma pauperis* application.  Instead, the Court will treat the application as withdrawn and direct Plaintiff to pay the filing fee within thirty days.

Accordingly, based on the foregoing, IT IS ORDERED that:

1. The order to show cause issued on January 26, 2023 (ECF No. 6) is DISCHARGED;
2. Plaintiff's *in forma pauperis* application (ECF No. 2) is treated as withdrawn; and
3. Plaintiff has thirty days from the date of service of this order to pay the $402 filing fee in full.

IT IS SO ORDERED.

Dated:   **February 23, 2023**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE