UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE N. ARRELLANO-LOPEZ,<br><br>              Plaintiff,<br><br>     v.<br><br>J. GONZALES, et al.,<br><br>              Defendants. | Case No. 1:23-cv-00093-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDERS<br><br>(ECF Nos. 29, 31)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Jorge N. Arrellano-Lopez is a prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court recommends dismissal of this case without prejudice.

**I.     BACKGROUND**

Plaintiff filed this lawsuit on January 23, 2023. (ECF No. 1). After screening, this case proceeds on Plaintiff's claim for failure to protect in violation of the Eighth Amendment against Officer J. Gonzales and Plaintiff's claim for retaliation in violation of the First Amendment against Officer J. Hardin. (ECF No. 20).

On December 2, 2024, the Court issued an order requiring each party to submit a statement regarding the schedule and discovery matters within thirty days from the date of service of the order. (ECF No. 29). Defendants filed their statement on December 26, 2024. (ECF No. 30). After Plaintiff failed to file a timely statement, the Court granted him a *sua sponte* extension until January 31, 2025, to file one, advising him that, "if he fails to timely file a statement, [he]

1

may be sanctioned for failing to prosecute his case and failing to obey a court order, up to and including dismissal of the case without prejudice." (ECF No. 31). To date, Plaintiff has yet to file a statement or anything else in this case. Moreover, he has not filed anything in this case since his amended complaint, filed on August 22, 2023. (ECF No. 15).

## II. ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a scheduling and discovery statement as required by the Court's orders (ECF Nos. 29, 31) and otherwise prosecute this action is delaying the case. Specifically, the statement is an important document for the Court to reference throughout the course of litigation in order to understand how the parties' view their claims and defenses. Moreover, Plaintiff's failure to file his statement has delayed this Court's ability to issue a scheduling order. And without being able to issue a scheduling order, this case is stalled from progressing further with discovery and other case-related deadlines. Also notable is that Plaintiff has not filed anything since August 22, 2023, when he filed his amended complaint. (ECF No. 15). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with

the Court's orders that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

### III.     CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court RECOMMENDS that:

1.     This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's orders; and

2.     The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. Further, any objections or response to objections shall be limited to no more than fifteen (15) pages, including exhibits.

\\\
\\\
\\\
\\\
\\\

3

1  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 19, 2025**              /s/ Eric P. Grosj

UNITED STATES MAGISTRATE JUDGE